FILED

1  Michael W. Fattorosi, Esq., California State Bar No. 193538
   michael@fattlegal.com
2  Michael D. Kuznetsky, Esq., California State Bar No. 241045     2009 JUL 14  PM 2: 37
   mikek@fattlegal.com
3  FATTOROSI & ASSOCIATES, P.C.                                    CLERK U.S. DISTRICT COURT
   6300 Canoga Avenue, Suite 550                                   CENTRAL DIST. OF CALIF.
4  Woodland Hills, California 91367                                    LOS ANGELES
   (818) 881-8500, Fax: (818) 881-9008                            BY _____
5
   Attorneys for Plaintiffs
6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                   CV09-5077 JSL (SSx)

11 NOELIA LORENZO MONGE, an individual, and )  CASE NO.
   JORGE REYNOSO, an individual,             )
12                                           )  COMPLAINT FOR DAMAGES FOR:
                    Plaintiffs,              )
13                                           )  (1) COPYRIGHT INFRINGEMENT;
   vs.                                       )  (2) COMMON LAW
14                                           )  MISAPPROPRIATION OF
   MAYA MAGAZINES, INC., a Florida Corporation, )  LIKENESS; AND
15 MAYA PUBLISHING GROUP, LLC, a Florida     )  (3) COMMERCIAL
   Limited Liability Company, and DOES 1 through )  MISAPPROPRIATION OF
16 10, inclusive,                            )  LIKENESS UNDER CALIFORNIA
                                             )  CIVIL CODE § 3344
17                  Defendants.              )
                                             )  DEMAND FOR JURY TRIAL
18 _____ )

19

20         COME NOW Plaintiffs, NOELIA LORENZO MONGE, an individual, and JORGE

21 REYNOSO, an individual (collectively "Plaintiffs") for their Complaint against MAYA

22 MAGAZINES, INC., a Florida Corporation, MAYA PUBLISHING GROUP, LLC, a Florida

23 Limited Liability Company, and DOES 1 through 10, inclusive (collectively "Defendants"),

24 allege as follows:

25                          **JURISDICTION AND VENUE**

26         1.      This is an action involving claims of copyright infringement under the Copyright

27 Act, 17 U.S.C. §§ 101, et seq. and misappropriation of likeness under the statutory and

28 common law of the State of California.  The Court has jurisdiction over Plaintiffs' federal

                                        1

1  claims pursuant to 17 U.S.C. §§ 101, et seq. and 28 U.S.C. §§ 1331 and 1338(a).  This Court
2  has jurisdiction over Plaintiffs' related claims based on state law pursuant to 28 U.S.C. §
3  1367.

4      2.      This Court has personal jurisdiction over Defendants, MAYA MAGAZINES, INC.
5  and MAYA PUBLISHING GROUP, LLC based on their significant contacts in the Central
6  District of California and elsewhere in the United States arising from, among other things, their
7  offering for sale and sale of magazine publications, their infringement in the Central District
8  of California of copyright rights protected by United States and California law, and their other
9  continuous and systemic contacts within the Central District of California.

10     3.      Venue in this judicial district is proper under 28 U.S.C. §1391(b) and/or 28
11 U.S.C. §1400(a).

12                            **THE PARTIES**

13     4.      Plaintiff NOELIA LORENZO MONGE, professionally known as "Noelia"
14 (hereinafter referred to as "NOELIA") is an individual and a citizen of California residing within
15 the County of Los Angeles, California.

16     5.      Plaintiff JORGE REYNOSO (hereinafter referred to as "REYNOSO") is an
17 individual and a citizen of California residing within the County of Los Angeles, California.

18     6.      Defendant MAYA MAGAZINES, INC. (hereinafter referred to as "MAYA
19 MAGAZINES") is a corporation organized and existing under the laws of the State of Florida,
20 with its principal place of business within Miami-Dade County, Florida.  Plaintiff is informed
21 and believes, and thereon alleges, that MAYA MAGAZINES was and is in the business of
22 magazine publication and is an owner of the magazine entitled "TVnotas."

23     7.      Defendant MAYA PUBLISHING GROUP, LLC. (hereinafter referred to as
24 "MAYA PUBLISHING") is a Limited Liability Company organized and existing under the laws
25 of the State of Florida, with its principal place of business within Miami-Dade County, Florida.
26 Plaintiff is informed and believes, and thereon alleges, that MAYA PUBLISHING was and is
27 in the business of magazine publication and is an owner of the magazine entitled "TVnotas."
28 ///

**COMPLAINT FOR DAMAGES**

8.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10 inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will amend this Complaint to include their proper names and capacities when they have been ascertained.  Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and damage resulting therefrom.

9.    Plaintiffs allege on information and belief that each of the defendants named herein as DOES 1 through 10 inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Plaintiffs for the damages and relief sought herein.

10.    Plaintiffs allege on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

**FACTUAL ALLEGATIONS**

11.    This is an action arising under the Copyright Act, 17 U.S.C. §101 et seq., for knowing and intentional infringement of Plaintiffs' copyrighted works; namely six photographs of Plaintiffs' wedding and wedding night.  This action also contains state law claims under California law that arise out of the same transaction and/or occurrences that form the basis of the Copyright cause of action.

12.    At all times mentioned herein NOELIA was and is an internationally renowned pop singer and model.   Her self-titled debut album was certified as a Gold album in the United States for 500,000 units sold by the Recording Industry Association of America (RIAA). During her career she has had nine Latin Billboard Top 40 hits.  NOELIA has sold more than four-million albums worldwide and has been honored with eighteen worldwide Gold and nine worldwide Multi-Platinum certified albums.  NOELIA has won multiple awards including

**COMPLAINT FOR DAMAGES**

1  Billboard's "Album of the Year" and Italy's "International Singer of the Year."  She has toured

2  throughout the world playing in cities such as New York, Los Angeles and Rome.

3       13.    NOELIA has also been modeled for and been featured in and on the front cover

4  of numerous magazines, including "Maxim en Español" in July 2007, "People en Español" in

5  October 2007, "H Para Hombres" in the United States in June 2008 and "H Para Hombres"

6  in Mexico in January 2009.  "H Para Hombres" is published and owned by Defendants.

7  Defendants previously paid NOELIA to model for "H Para Hombres."  Plaintiffs are informed

8  and believe, and thereon allege, that "H Para Hombres" in June 2008 was the best selling

9  issue of "H Para Hombres" in the United States, and "H Para Hombres" in Mexico in January

10  2009 was one of the all time best selling issues of "H Para Hombres" in Mexico, initially selling

11  out of 400,000 copies.

12       14.    In addition to her musical career, NOELIA has guest starred in multiple Latin

13  American television shows.

14       15.    At all times mentioned herein REYNOSO was and is the manager of NOELIA's

15  international career.  REYNOSO comes from one of the most powerful families of music

16  promoters for three decades.  In 2001 REYNOSO emerged as one of the most recognized

17  managers and music producers in the Latin music industry after he produced an album

18  entitled "Desahogo" for Pilar Montenegro, a singer and actress.

19       16.    On or about January 3, 2007, NOELIA and REYNOSO were married at We've

20  Only Just Begun Wedding Chapel, Inc., a Nevada corporation, doing business as The Little

21  White Wedding Chapel, in Las Vegas, Nevada (hereinafter referred to as the "Chapel").  The

22  wedding ceremony was private and the only people present were Plaintiffs, a minister and a

23  wedding photographer.  Both the minister and wedding photographer were employees of the

24  Chapel.  Plaintiffs were diligent in having all other people excluded from their wedding

25  ceremony in order to maintain absolute privacy.  In addition, no photographs were allowed to

26  be taken by non-sanctioned photographers.

27       17.    During and after the wedding, the wedding photographer and Plaintiffs took

28  pictures of Plaintiffs for Plaintiffs' sole use (hereinafter referred to as the "Photographs").

Plaintiffs are identifiable in the Photographs as individuals.  The Photographs are copyrightable works in that they embody original and creative authorship.

18.     Plaintiffs did not disclose or confirm any details of their wedding to the public, including the Photographs.  Plaintiffs' rights license others to publish the Photographs, including without limitation for the first time or on an exclusive basis, are worth at least hundreds of thousands of dollars.  In fact, other celebrity wedding photographs have been sold for millions of dollars to magazines for a first time or exclusive publication.

19.     Over two years after the wedding, Defendants copied, reproduced, distributed and displayed the Photographs without Plaintiffs' authorization.  This was done knowingly and intentionally in violation of Plaintiffs' rights, including but not limited to Plaintiffs' exclusive rights in the copyrights therein and thereto.  More specifically, Defendants published the Photographs in Volume 10, Issue Number 633 of the magazine entitled "TVnotas" (hereinafter referred to as the "Magazine").  Most of the Photographs are printed in their entirety.  The Magazine's publication date was on or about February 10, 2009.  A true and correct copy of the relevant portions of the Magazine are attached hereto as Exhibit "A," which are herein incorporated by reference.

20.     The Chapel and Plaintiffs never sold, licensed or in any way authorized Defendants to use the Photographs in any manner, including in the Magazine.

21.     In addition, Defendants published the names, likeness and/or personalities of Plaintiffs in the text of the Magazine without their authorization or consent.

22.     It is clear from the headline of the Magazine and captions positioned over the Photographs that Defendants knew that they were using the Photographs, as well as the names and likenesses of Plaintiffs, without authorization.  Moreover, Defendants knew that the Magazine could generate increased profits by using the Photographs and names and likenesses of Plaintiffs without authorization.

23.     The main headline on the front cover of the Magazine states in Spanish, "La boda secreta de Noelia y Jorge Reynosa en Las Vegas;" this translates to "The secret wedding of Noelia and Jorge Reynoso in Las Vegas."  The name "Noelia" is printed in extra

1  large, yellow font.  The headline further states, "Hasta conseguimos fotos de su primera

2  noche de casados;" this translates to "We even obtained photographs of their first night of

3  marriage."  These headlines are positioned directly over some of the Photographs, which

4  make up approximately 75% of the Magazine's cover.

5       24.    This prominent placement of the Photographs on the Magazine's cover indicates

6  that Defendants were well aware of the likelihood that the unauthorized use of the

7  Photographs would lead to increased sales of the Magazine.  In fact, the Magazine's table of

8  contents does not list the page numbers where the Photographs are published.  In fact, the

9  Photographs are published on the last few pages of the Magazine.  This forces consumers

10  looking to see the Photographs to read almost the entire magazine.

11       25.    "Solo en TVn," which translates to "Only in TVn," is further printed over the

12  Photographs on the Magazine's cover.  This misleadingly implies that the Defendants' use

13  of the Photographs is authorized by Plaintiffs.  "TVn" is Defendants' own abbreviation for

14  "TVnotas."

15       26.    Within the Magazine, more of the Photographs are featured over a two-page

16  spread.  The two pages contain the following headline, "Al parecer, la pareja se casó en Las

17  Vegas en enero de 2007;" this translates to "It seems like the couple got married in Las

18  Vegas in January of 2007."  Underneath in an even larger headline, the Magazine states,

19  "Primeras y únicas fotos de la boda secreta de **Noelia** y **Jorge Reynoso**" (emphasis in

20  original); this translates to "First and only photographs of the secret wedding of **Noelia** and

21  **Jorge Reynoso**."

22       27.    One of the Photographs in the Magazine covers a full page.  Printed on top of

23  this photograph is "Solo en TVn," which translates to "Only in TVn."  In addition, the caption

24  printed on this photograph includes the following:

25           De hecho, mucho se ha comentado sobrea una supuesta boda secreta en Las
         Vegas, Nevada, occurida en enero de 2007, pero nadie hasta ahora había
26           mostrado fotografías de ese inolvidable día.  *TVnotas* las consiguió, y te las
         enseña en exclusiva" (emphasis in original);

27

28  ///

**COMPLAINT FOR DAMAGES**

1  which translates to:

2      In fact, much has been said about the supposed secret wedding in Las Vegas,
       Nevada, occurring in January 2007, but nobody before now has shown

3      photographs of this unforgettable day.  *TVnotas* has obtained them, and is
       showing them to you exclusively."

4

5  Again, this misleadingly implies that the Defendants' use of the Photographs is authorized by

6  Plaintiffs.

7      28.    Another page of the Magazine is made up of four of the Photographs.  The

8  footer of this page states in large print, "Aunque no han querido confirmar su matrimonio,

9  estas imágenes que conseguimos hablan por sí solas;" this translates to "Even though they

10 haven't wanted to confirm their marriage, these images that we found speak for themselves."

11     29.    Part of NOELIA's success is attributable to her status as an unwed international

12 sex symbol.  As a proximate result of the above misappropriation, Plaintiffs' suffered loss of

13 reputation which caused their hurt feelings and loss of publicity value, all to their general

14 damage in an amount according to proof.

15                        **<u>FIRST CAUSE OF ACTION</u>**

16                        **COPYRIGHT INFRINGEMENT**

17         **(By Plaintiffs Against All Defendants and DOES 1 through 10)**

18     30.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through

19 29, inclusive, and incorporate them herein by this reference.

20     31.    The six at-issue Photographs contain a substantial amount of wholly original

21 expression and are copyrightable subject matter under the laws of the United States.

22     32.    Plaintiffs are the sole proprietor of all right, title, and interest to the Photographs.

23 On or about March 5, 2009, the Chapel assigned its full rights and title in and to the copyrights

24 of all Photographs taken by the wedding photographer to Plaintiffs.  A true and correct copy

25 of the Copyright Assignment is attached hereto as Exhibit "B."  On or about March 10, 2009,

26 NOELIA and REYNOSO registered copyrights for these Photographs in the United States

27 Copyright office.  On or about March 9, 2009, NOELIA and REYNOSO registered copyrights

28 for the Photographs taken by NOELIA and REYNOSO respectively in the United States

**COMPLAINT FOR DAMAGES**

1  Copyright office.   True and correct copies of the Certificates of Registration for the
2  Photographs are attached hereto as Exhibits "C" through "E."

3      33.    By means of the actions complained of herein, Defendants have infringed and
4  will continue to infringe Plaintiffs' exclusive rights in and to the Photographs.

5      34.    Defendants, and each of them, have knowingly and willfully copied, reproduced,
6  distributed and displayed the Photographs in the Magazine, and are otherwise infringing upon
7  Plaintiffs' exclusive rights in the Photographs for the specific purpose of infringing Plaintiffs'
8  rights in and to the copyrights in the Photographs for Defendants' own benefit and pecuniary
9  interest and to the detriment of Plaintiffs.  By copying, reproducing, distributing and displaying
10  the Photographs in the Magazine, Defendants have infringed Plaintiffs' exclusive rights in and
11  to the copyrights in the Photographs.

12      35.    Pursuant to 17 U.S.C. § 504, Plaintiffs seek to recover actual damages suffered
13  by Plaintiffs as the result of Defendants' infringement and any and all profits of Defendants
14  that are attributable to the infringement and are not taken into account in computing actual
15  damages.  Alternatively, Plaintiffs may elect at any time before final judgment to recover
16  instead of actual damages and profits an award of statutory damages for all infringements
17  involved in the action for which Defendants are individually liable or are jointly and severally
18  liable in the sum of not less than $750 nor more than $30,000 per infringement as the Court
19  considers just.

20      36.    Plaintiffs further allege that the infringements were committed willfully by
21  Defendants and request the Court to increase the statutory damages to a sum of not more than
22  than $150,000 per infringement.

23      37.    Pursuant to 17 U.S.C. § 505, Plaintiffs further seek to recover their costs and
24  reasonable attorneys' fees.  As a result of Defendants' actions, Plaintiffs have been required
25  to and has retained the services of the law firm Fattorosi & Associates, P.C., and has and will
26  incur attorneys' fees and court costs herein.

27  ///
28  ///

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

## COMMON LAW MISAPPROPRIATION OF LIKENESS

### (By Plaintiffs Against All Defendants and DOES 1 through 10)

38.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 37, inclusive, and incorporate them herein by this reference.

39.    As alleged herein, Defendants, and each of them, have invaded Plaintiffs' right to privacy by using Plaintiffs' distinctive identities, including without limitation their name, likenesses and/or personalities, in the text of the Magazine and otherwise.  In doing so, Defendants, and each of them, have knowingly appropriated Plaintiffs' name and/or likeness for Defendants' advantage, commercially and/or otherwise.  Said appropriation was unauthorized and done without Plaintiffs' consent.  Plaintiffs are informed and believe that Defendants used Plaintiffs' identities to sell the Magazine and by use of said appropriation, Defendants have earned increased revenue.

40.    As a proximate result of the above misappropriation, Plaintiffs' suffered loss of reputation which caused their hurt feelings, suffering and loss of publicity value, all to their general damage in an amount according to proof.

41.    As a further proximate result of the above-mentioned misappropriation, Plaintiffs has suffered injury to their business, all to their special damage in an amount according to proof.

42.    Defendants' misappropriation, as alleged above, was oppressive and malicious within the meaning of Civil Code Section 3294 in that it subjected Plaintiffs to cruel and unjust hardship in willful and conscious disregard of Plaintiffs' rights and safety, thereby entitling Plaintiffs to an award of punitive damages.

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION**

**COMMERCIAL MISAPPROPRIATION OF LIKENESS**

**UNDER CALIFORNIA CIVIL CODE § 3344**

**(By Plaintiffs Against All Defendants and DOES 1 through 10)**

43.     Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 42, inclusive, and incorporate them herein by this reference.

44.     As alleged herein, Defendants, and each of them, have invaded Plaintiffs' right to privacy by using Plaintiffs' name, likeness and/or photograph(s) in the text and otherwise on the cover of and in the Magazine.  In doing so, Defendants, and each of them, have knowingly appropriated Plaintiffs' name and/or likeness for Defendants' advantage in direct connection with advertising and commercial sales.  Said appropriation was unauthorized and done without Plaintiffs' consent.  Plaintiffs are informed and believe that Defendants have earned increased revenue by said appropriation.

45.     As a proximate result of the above misappropriation, Plaintiffs' suffered loss of reputation which caused their hurt feelings, suffering and loss of publicity value, all to their general damage in an amount according to proof.

46.     As a further proximate result of the above-mentioned misappropriation, Plaintiffs has suffered injury to their business, all to their special damage in an amount according to proof.

47.     Defendants' misappropriation, as alleged above, was oppressive and malicious within the meaning of Civil Code Section 3294 in that they subjected Plaintiffs to cruel and unjust hardship in willful and conscious disregard of Plaintiffs' rights and safety, thereby entitling Plaintiffs to an award of punitive damages.

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, NOELIA LORENZO MONGE and JORGE REYNOSO pray for judgment against Defendants, and each of them, as follows:

### FOR THE FIRST CAUSE OF ACTION:

1.    For actual damages resulting from Defendants' copyright infringement pursuant to 17 U.S.C. § 504 in an amount according to proof at trial;

2.    For any and all profits of Defendants that are attributable to the infringement and are not taken into account in computing actual damages pursuant to 17 U.S.C. § 504;

3.    For Plaintiffs' costs and reasonable attorneys' fees under the Copyright Act pursuant to 17 U.S.C. § 505;

### FOR THE SECOND CAUSE OF ACTION:

4.    For general and special compensatory damages in an amount according to proof at trial;

5.    For punitive and exemplary damages pursuant to California Civil Code § 3294 in an amount according to proof at trial;

### FOR THE THIRD CAUSE OF ACTION:

6.    For general and special compensatory damages in an amount according to proof at trial;

7.    For any and all profits of Defendants that are attributable to the unauthorized use and are not taken into account in computing actual damages pursuant to California Civil Code § 3344;

8.    For Plaintiffs' costs and reasonable attorneys' fees California Civil Code § 3344;

9.    For punitive and exemplary damages pursuant to California Civil Code §§ 3294 and/or 3344 in an amount according to proof at trial;

///
///
///

11

**FOR ALL CAUSES OF ACTION:**

10.    For interest provided by law; and

11.    For such other and further relief against Defendants as the Court may deem just and proper.

Dated: July _13_, 2009        By: _____

                        Michael W. Fattorosi, Attorney for Plaintiffs
                        FATTOROSI & ASSOCIATES, P.C.
                        6300 Canoga Avenue, Suite 550
                        Woodland Hills, California 91367
                        michael@fattlegal.com
                        Telephone No.: 818-881-8500

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.Civ.P. 38(b) and Local Central District Rule 38-1.

Dated: July _13_, 2009        By: _____

                        Michael W. Fattorosi, Attorney for Plaintiffs
                        FATTOROSI & ASSOCIATES, P.C.
                        6300 Canoga Avenue, Suite 550
                        Woodland Hills, California 91367
                        michael@fattlegal.com
                        Telephone No.: 818-881-8500

**COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

Hablamos con el polémico **niño torero** ¡que mató 6 becerros en 2 horas!

# TVnOTAS

Edición USA

**¡Semanal e irresistible!**

## La boda secreta

de **Noelia** y Jorge Reynoso en

Las Vegas

**Sólo en TVn**

Hasta conseguimos fotos de su primera

*¡noche de casados!*

**Imágenes inéditas**

Vol. 10 No. 633 Semana 18 Febrero 10 2009.



**Laura Flores** ahora adoptó una niña

**Sólo en TVn**
**La esposa de la nieta** lesbiana de Kippy Casado

¡la engaña con otra!

**Sólo en TVn**
**Afirma ex esposa de Manzanero:** "Primero las enamora ¡y luego las golpea!"





Ahora que su hijo irá al *college*, **Sofía Vergara** ¡quiere buscar marido!

**Sólo en TVn**

0 20267 13937 4
33
USA $ 3.29
Display until 2/17    Exhiba hasta Febrero 17



Sólo en TVNOTAS

Al parecer, l

PRIME

secr

Definitivamente, Noelia no deja de sorprendernos. Ya sea por sus pleitos con su mamá, sus alegatos de abuso sexual, sus videos pornográficos, sus problemas con la prensa o el comportamiento de su pareja, Jorge Reynoso, la cantante puertorriqueña siempre acapara titulares, y esta vez no es la excepción. De hecho, mucho se ha comentado sobre una supuesta boda secreta en Las Vegas, Nevada, ocurrida en enero de 2007, pero nadie hasta ahora había mostrado fotografías de ese inolvidable día. TVNotas las consiguió, y te las enseña en exclusiva.



*pareja se casó en Las Vegas en enero de 2007*

# ras y únicas fotos de la boda
# ta de Noelia y Jorge Reynoso



**POSARON CON EL MINISTRO QUE LOS UNIÓ**

*Noelia Lorenzo-Monge y Jorge Reynoso lucían felices, ella con un minivestido stretch y una sexy liga, mientras él vistió de traje y corbata.*



**SU PRIMER BESO COMO MARIDO Y MUJER**

*Luego de unos años de relación, Reynoso finalmente "le cumplió".*



**DESPUÉS SE FUERON A UN BAR**



**ASÍ TERMINÓ LA CANTANTE EN LA ALCOBA NUPCIAL**

*Coqueta, sugerente y feliz, como toda esposa en ese día, la cantante posó lista para la noche de bodas.*

Aunque no han querido confirmar su matrimonio, estas imágenes que conseguimos hablan por sí solas.

TVN 95

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "B"**

## COPYRIGHT ASSIGNMENT

For good and valuable consideration, receipt of which is hereby acknowledged, We've Only Just Begun Wedding Chapel, Inc. dba The Little White Wedding Chapel, 1301 Las Vegas Boulevard South, Las Vegas, NV 89114 ("Assignor") does hereby irrevocably and in perpetuity grant, convey and assign unto Noelia Lorenzo Monge and Jorge Reynoso, their successors, assigns and licensees, the exclusive worldwide right, title and interest in and to the copyrights in any and all photographs and videos owned by Assignor concerning the wedding between Noelia Lorenzo Monge and Jorge Reynoso that occurred on Assignor's premises on January 3, 2007. This agreement may be filed with the Register of Copyright as an official transfer of copyrights.

UNDERSTOOD, AGREED AND ACCEPTED:

ASSIGNOR:

Signature: _____

Date: _____3-05-09_____

Legal Name:  We've Only Just Begun Wedding Chapel, Inc.

By Its.  President – Charolette Richards

Address:  1301 Las Vegas Boulevard South, Las Vegas, NV 89114

Telephone Number:  (702) 382-5943

Email Address:  iwedu@alittlewhitechapel.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "C"**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 984-156

**Effective date of registration:**

March 10, 2009

## Title

**Title of Work:** Noelia and Jorge Rynoso Wedding Pictures

## Completion/Publication

**Year of Completion:** 2007

## Author

- **Author:** We've Only Just Begun Wedding Chapel Inc.

  **Author Created:** photograph(s)

  **Work made for hire:** Yes

  **Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Jorge Reynoso

*Redacted For Privacy Purposes*

**Transfer Statement:** By written agreement

**Copyright Claimant:** Noelia Lorenzo Monge

**Transfer Statement:** By written agreement

## Certification

**Name:** Michael W. Fattorosi

**Date:** March 10, 2009

Page 1 of 1

**IPN#:**

**Registration #:**    VAU000984156

**Service Request #:**   1-168870981

Michael W Fattorosi
6300 Canoga Ave
Suite 550
Woodland Hills, CA 91367

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "D"**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 984-072

**Effective date of registration:**

March 9, 2009

## Title

**Title of Work:** Noelia and Jorge Reynoso Wedding Pictures

## Completion/ Publication

**Year of Completion:** 2007

## Author

**Author:** Noelia Lorenzo Monge

**Author Created:** photograph(s)

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Noelia Lorenzo Monge

*Redacted For Privacy Purposes*

## Certification

**Name:** Michael W. Fattorosi

**Date:** March 9, 2009

**IPN#:**

**Registration #:**   VAU000984072

**Service Request #:**   1-168439063

Michael W Fattorosi
6300 Canoga Ave
Suite 550
Woodland Hills, CA 91367

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "E"**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 984-075

**Effective date of registration:**

March 9, 2009

## Title

**Title of Work:** Noelia and Jorge Reynoso Wedding Pictures

## Completion/Publication

**Year of Completion:** 2007

## Author

■ **Author:** Jorge Reynoso

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States      **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Jorge Reynoso

~~████████████████████~~  Redacted For Privacy Purposes

## Certification

**Name:** Michael W. Fattorosi

**Date:** March 9, 2009

**IPN#:**

**Registration #:**    VAU000984075

**Service Request #:**   1-168384651

Michael W Fattorosi
6300 Canoga Ave
Suite 550
Woodland Hills, CA 91367

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge J. Spencer Letts and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV09- 5077 JSL (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division** | **[ ]  Southern Division** | **[ ]  Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Michael W. Fattorosi, Esq., Calif. State Bar # 193538
michael@fattlegal.com
FATTOROSI & ASSOCIATES, P.C.
6300 Canoga Avenue, Suite 550
Woodland Hills, California 91367
Tel: 818-881-8500/Fax: 818-881-9008

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOELIA LORENZO MONGE, an individual, and JORGE REYNOSO, an individual, <br><br> PLAINTIFF(S) <br> v. <br> MAYA MAGAZINES, INC., a Florida Corporation, MAYA PUBLISHING GROUP, LLC, a Florida Limited Liability Company, and DOES 1 through 10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV09-5077 JSL (SSx) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):  MAYA MAGAZINES, INC. and MAYA PUBLISHING GROUP, LLC

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael W. Fattorosi_____, whose address is _6300 Canoga Avenue, Suite 550, Woodland Hills, CA 91367_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   _____JUL 1 4 2009_____

By: _Natalie Gorgera_
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NOELIA LORENZO MONGE, an individual, and JORGE REYNOSO, an individual | MAYA MAGAZINES, INC., a Florida Corporation, MAYA PUBLISHING GROUP, LLC, a Florida Limited Liability Company, and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael W. Fattorosi, Calif. State Bar No.193538; FATTOROSI & ASSOCIATES, P.C.; 6300 Canoga Avenue, Suite 550, Woodland Hills, CA 91367; Tel. (818) 881-8500 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement (17 U.S.C. 101, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV09-5077

**FOR OFFICE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| NOELIA LORENZO MONGE - Los Angeles County, California<br>JORGE REYNOSO - Los Angeles County, California | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MAYA MAGAZINES, INC., a Florida Corporation<br>MAYA PUBLISHING GROUP, LLC, a Florida Limited Liability Company | Miami-Dade County, Florida<br>Miami-Dade County, Florida |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  7/13/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |